UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| A. DOUGLAS RAFFERTY,<br><br>    Plaintiff<br><br>v.<br><br>SINCLAIR BROADCAST GROUP, INC.,<br><br>    and<br><br>WGME, Inc.<br><br>    Defendants. | Civil Docket No. 2:13-cv-205-DBH |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, Sinclair Broadcast Group, Inc. and WGME, Inc. ("Defendants"), by and through their undersigned counsel, and answers the Plaintiff's Complaint as follows:

## PARTIES

1. Defendants admit the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2. Defendants deny that the Defendant Sinclair Broadcast Group, Inc. operates the Defendant WGME, Inc. but state that Sinclair Broadcast Group, Inc. is the ultimate parent corporation of WGME, Inc. Defendants admit the allegations contained in the second sentence of Paragraph 2 of the Plaintiff's Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

## JURY TRIAL DEMAND

4. Paragraph 4 of Plaintiff's Complaint presents a statement to which no response is required.

## JURISDICTION AND VENUE

5. The allegations set forth in Paragraph 5 of Plaintiff's Complaint present statements to which no response is required.

6. Defendants admit the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. Defendants admit the allegations contained in the first two sentences of Paragraph 7 of the Plaintiff's Complaint. Defendants deny the third sentence of Paragraph 7 of the Plaintiff's Complaint to the extent it presents unequivocal characterizations of Plaintiff's performance and the associated feedback regarding that performance.

8. Defendants admit the allegations contained in Paragraph 8 of the Plaintiff's Complaint to the extent that the Defendant Sinclair Broadcast Group, Inc. is the parent company of the Defendant WGME, Inc., and has owned WGME, Inc. from before 2006 to the present, but deny that Sinclair Broadcast Group, Inc. operated WGME, Inc. over that same period.

9. Defendants admit the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. Defendants deny the allegations contained in the first sentence of Paragraph 11 of the Plaintiff's Complaint. Defendants admit the allegations contained in the second sentence of Paragraph 11 of the Plaintiff's Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Defendants admit the allegations contained in the first two sentences of Paragraph 15 of the Plaintiff's Complaint. Defendants deny that Plaintiff was very familiar with the station's computer infrastructure and information technology, as stated in the third sentence of Paragraph 15, although his work in providing staff with information systems support increased.

16. Defendants admit the allegations contained in Paragraph 16 of the Plaintiff's Complaint, but deny that Plaintiff was promised by the Defendants that his base pay would not ever change.

17. Defendants deny the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. Defendants admit that Mr. Humpage had a conversation with the Plaintiff about a salary reduction, but deny that said conversation occurred on February 24, 2011. Defendants deny the allegations contained in the second sentence of Paragraph 19 of the Plaintiff's Complaint.

20. Defendants admit the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22. Defendants deny the Plaintiff's characterization of the conversation contained in Paragraph 22 of the Plaintiff's Complaint, but admit that Mr. Humpage told Plaintiff that $45,000 was all that the company would pay for Mr. Rafferty's position.

23. Defendants deny the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25. Defendants admit the allegations contained in the first sentence of Paragraph 25 of the Plaintiff's Complaint, but deny the second sentence contained in Paragraph 25.

26. Defendants admit the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

## **FIRST CLAIM: DISABILITY DISCRIMINATION**

27. Defendants repeat and reallege their answers to Paragraphs 1 through 26 above as if fully set forth herein.

28. Defendants deny the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30. The allegations set forth in Paragraph 30 of Plaintiff's Complaint present a legal conclusion to which no response is required. To the extent a response is required, Defendants deny same. With respect to Plaintiff's prayer for relief, Defendants admit that Plaintiff seeks the

relief stated; denies that any basis exists upon which to grant Plaintiff's prayer for relief, and; further denies that Plaintiff is entitled to any relief from Defendants whatsoever.

## SECOND CLAIM: AGE DISCRIMINATION

31. Defendants repeat and reallege their answers to Paragraphs 1 through 30 above as if fully set forth herein.

32. Defendants deny the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34. The allegations set forth in Paragraph 34 of Plaintiff's Complaint present a legal conclusion to which no response is required. To the extent a response is required, Defendants deny same. With respect to Plaintiff's prayer for relief, Defendants admit that Plaintiff seeks the relief stated; denies that any basis exists upon which to grant Plaintiff's prayer for relief, and; further denies that Plaintiff is entitled to any relief from Defendants whatsoever.

**ALL ALLEGATIONS NOT EXPRESSLY ADMITTED OR OTHERWISE QUALIFIED ARE HEREBY DENIED AND THE DEFENDANT DEMANDS STRICT PROOF THEREOF.**

## DEFENDANTS' AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS

1. Plaintiff's claims are barred in whole or in part by his failure to state a claim upon which relief may be granted.

2. All of Plaintiff's claims, plead pursuant to state and federal law, are barred by the applicable statutes of limitations.

3. Plaintiff's claims are barred to the extent that Plaintiff failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.

4. The Defendants affirmatively defend by stating that the Plaintiff failed to mitigate his damages.

5. Any damages due to Plaintiff must be reduced by his interim earnings or amounts earnable with reasonable diligence.

6. Defendants would have taken the same actions with respect to the Plaintiff in the absence of any alleged impermissible factors.

7. Any impermissible factors related to Plaintiff's termination were not motivating factors.

8. The Defendants have, at all times, acted in good faith and with a reasonable belief that they were not in violation of any of the Plaintiff's statutory rights.

9. Any actions taken by Defendants were job related and consistent with business necessity.

10. The Plaintiff's claims, and each of them, are barred, in whole or in part, because the Defendants' actions with respect to Plaintiff were at all times justified and excused, and were taken in good faith, without any improper motive, purpose or means, and without any hatred, ill will, malice or intent to injure.

11. Plaintiff is not entitled to punitive damages because Defendants did not act with malicious or reckless indifference to any of Plaintiff's rights or commit any knowing, willful, wanton, intentional or malicious act.

5268023.1

12. Some or all of the Plaintiff's claims are barred by the equitable doctrine of laches.

13. To the extent that the Plaintiff has pled an ADEA-based claim, any demand for recovery of emotional distress damages must be dismissed because such damages are not available under that statute.

14. Plaintiff is not entitled to liquidated damages under the ADEA because Defendants at no time engaged in willful discriminatory conduct within the meaning of that statute, and at no time engaged in any discriminatory practice or conduct with malice or reckless indifference to the Plaintiff's rights.

15. The Defendants reserve the right to amend their answer and affirmative defenses to add additional defenses or delete or withdraw existing defenses as said supplementation or deletion may become necessary after reasonable opportunity for appropriate discovery on the allegations.

WHEREFORE the Defendants respectfully request that the Complaint be dismissed with prejudice, and that the Defendants be awarded their costs, including reasonable attorneys' fees and expenses, and such further relief as the Court may deem appropriate.

DATED at Portland, Maine, this 3rd day of June 2013.

Respectfully submitted,

/s/ Michael G. Messerschmidt
Michael G. Messerschmidt, Esq.

/s/ Matthew J. LaMourie
Matthew J. LaMourie, Esq.

/s/ Kevin J. Haskins
Kevin J. Haskins, Esq.

5268023.1

Attorneys for the Defendants
Sinclair Broadcast Group, Inc. and WGME, Inc.

PRETI, FLAHERTY, BELIVEAU &
PACHIOS, LLP
One City Center, P. O. Box 9546
Portland, ME   04112-9546
Tel:  (207) 791-3000
Fax:  (207) 791-3111

mmesserschmidt@preti.com
mlamourie@preti.com
khaskins@preti.com

## CERTIFICATE OF SERVICE

      I, Matthew J. LaMourie, attorney for the Defendants, Sinclair Broadcast Group, Inc. and WGME, Inc., hereby certify that on this day, I filed Defendants' Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF system, which will send notification of such filing/s to the following:

>David G. Webbert, Esq.
>Matthew Keegan, Esq.
>Johnson & Webbert, LLP
>160 Capitol Street, Suite 3
>P.O. Box 79
>Augusta, ME  04332-0079
>
>dwebbert@johnsonwebbert.com
>mkeegan@johnsonwebbert.com

      Dated at Portland, Maine this 3rd day of June 2013.

>/s/ Matthew J. LaMourie, Esq._____
>Matthew J. LaMourie, Esq.
>Attorney for Defendants
>Sinclair Broadcast Group, Inc. and WGME, Inc.
>
>
>PRETI, FLAHERTY, BELIVEAU &
>PACHIOS, LLP
>One City Center, P. O. Box 9546
>Portland, ME   04112-9546
>Tel:  (207) 791-3000
>Fax:  (207) 791-3111
>
>mlamourie@preti.com

5268023.1